LAW OFFICE OF
ROBERT L. KEOGH
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRANK UKAU and SOFILAN SINUK, | CIVIL CASE NO. CIV 11-00030 |
| Plaintiffs, | |
| vs. | COMPLAINT |
| JENNIE WANG, ENTITY CONSTRUCTION, INC., CHUNG KUO INSURANCE COMPANY, LTD. and DOE INSURANCE COMPANY, | |
| Defendants. | |

**INTRODUCTION**

1. This is an action for damages for the bodily injuries and loss of consortium suffered by plaintiffs Frank Ukau and Sofalin Sinuk arising from a motor vehicle accident on Guam caused by the negligence of Jennie Wang. This is also an action for the collection of unpaid overtime compensation and for wilful violation of the provisions of 22 GCA §3107 and other Guam and federal laws, liquidated damages, punitive damages and attorneys fees and costs.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

**PARTIES**

3. Plaintiffs Frank Ukau and Sofalin Sinuk are adult individuals, husband and wife and citizens of the Federated States of Micronesia.

4. Defendant Jennie Wang is an adult individual and a resident of Guam.

5. Defendant Entity Construction, Inc. (hereinafter "Entity Construction") is a Guam corporation licensed to do business on Guam.

6. Defendant Chung Kuo Insurance Company, Ltd. (hereinafter "Chung Kuo") is an insurance company licensed to do business on Guam.

7. Defendant Doe Insurance Company (hereinafter "Doe Insurance") is an insurance company licensed to do business on Guam.

**FACTS**

8. On July 5, 2011, plaintiff Frank Ukau was at his place of work at a job site in Nimitz Hill, Piti, Guam.

9. On information and belief, at all relevant times herein, plaintiff Frank Ukau was an employee of Jennie Wang and/or Entity Construction.

2

10. On information and belief, at all relevant times herein, defendant Jennie Wang was an employee, authorized agent and/or principal of Entity Construction.

11. At the same time and place, Jennie Wang was operating her 2008 Toyota Tacoma (hereinafter "Tacoma").

12. At all relevant times herein, Jennie Wang was operating her Tacoma in her individual capacity and in her capacity as an employee, duly authorized agent and/or principal of defendant Entity Construction.

13. At all relevant times herein, Jennie Wang was an employee, duly authorized agent and/or principal of defendant Entity Construction and was acting within the course and scope of her employment and/or authority. Therefore, defendant Entity Construction is liable for the negligence of Jennie Wang, as set forth below, under the doctrine of respondeat superior.

14. At said time and place, Jennie Wang failed to operate the Tacoma with due care and otherwise failed to operate the Tacoma in a safe and prudent manner. Jennie Wang was inattentive while operating the Tacoma and backed up without checking to see if it was safe to do so and physically struck Frank Ukau.

3

15. In operating the Tacoma in the manner described above, Jennie Wang was negligent and violated 16 GCA §3301 and other laws of Guam.

16. As a direct and proximate result of the negligence of defendant Jennie Wang in her personal capacity, while acting within the course and scope of her employment with defendant Entity Construction, while acting as the duly authorized representative of defendant Entity Construction, and/or while acting as the principal of Entity Construction, plaintiff Frank Ukau suffered serious bodily injuries.

17. On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully failed to provide plaintiff Frank Ukau, its lawful employee, with workers' compensation insurance coverage as mandated by Guam law.

18. As a consequence of defendants Jennie Wang and/or Entity Construction's willful failure to secure workers compensation insurance coverage for plaintiff Frank Ukau as required by law, plaintiffs elect, pursuant to the provisions of 22 GCA §9106, to maintain this present action for damages.

19. On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully employed plaintiff Frank Ukau for more than 40 hours each

4

week without paying plaintiff Frank Ukau, its lawful employee, the appropriate overtime compensation as mandated by Guam Law.

20. On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully failed to withhold an appropriate amount of the wages of plaintiff Frank Ukau, its lawful employee, as mandated by Guam and federal laws.

21. On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully failed to withhold and pay the appropriate social security and medicare wage withholding of plaintiff Frank Ukau, its lawful employee, as mandated by Guam and federal laws.

## CLAIMS FOR RELIEF

### FIRST CLAIM - PERSONAL INJURIES OF FRANK UKAU

22. Plaintiffs repeat and realleges each and every allegation of paragraphs 1 through 21 of the Complaint herein.

23. As a direct and proximate result of the negligence of defendant Jennie Wang in her individual capacity, in her capacity as an employee of Entity Construction, in her capacity as the duly authorized agent of Entity Construction and/or in her capacity as the principal of Entity Construction, plaintiff Frank Ukau suffered

severe injuries to his body including, but not limited to, injury to his leg, which had to be amputated and which has caused and continues to cause severe physical and emotional pain and suffering, mental anxiety, inconvenience, disfigurement, permanent physical impairment and loss of enjoyment of life.

24. As a further direct and proximate result of the negligence of defendant Jennie Wang in her individual capacity, in her capacity as an employee of Entity Construction, in her capacity as the duly authorized agent of Entity Construction and/or in her capacity as the principal of Entity Construction, plaintiff Frank Ukau has incurred and continues to incur replacement services loss in an amount to be proven at trial.

25. As a further direct and proximate result of the negligence of defendant Jennie Wang in her individual capacity, in her capacity as an employee of Entity Construction, in her capacity as the duly authorized agent of Entity Construction and/or in her capacity as the principal of Entity Construction, plaintiff Frank Ukau has incurred and continues to incur medical and incidental expenses for treatment of his personal injuries in an amount to be proven at trial.

26. As a further direct and proximate result of the negligence of defendant Jennie Wang in her individual capacity, in her capacity as an employee of Entity Construction, in her capacity as the duly authorized agent of Entity Construction and/or in her capacity as

6

the principal of Entity Construction, plaintiff Frank Ukau has lost and continues to lose wages in an amount to be proven at trial.

**SECOND CLAIM - LOSS OF CONSORTIUM OF SOFALIN SINUK**

27. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26 of the Complaint herein.

28. As a direct and proximate result of the negligence of defendant Jennie Wang in her individual capacity, in her capacity as an employee of Entity Construction, in her capacity as the duly authorized agent of Entity Construction and/or in her capacity as the principal of Entity Construction, and the resulting injuries to plaintiff Frank Ukau, plaintiff Sofalin Sinuk has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

**THIRD CLAIM - CHUNG KUO INSURANCE COMPANY**

29. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26 and 28 of the Complaint herein.

30. On information and belief, on July 5, 2011 defendant Jennie Wang was covered by an automobile insurance policy issued by defendant Chung Kuo covering liability for injuries to third persons resulting from the negligent operation of the Tacoma by

7

Jennie Wang. Said insurance policy was in full force and effect on July 5, 2011.

31. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain a direct action against defendant Chung Kuo upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against defendant Chung Kuo in an amount equal to any judgment recovered against defendant Jennie Wang up to applicable policy limits.

**FOURTH CLAIM - DOE INSURANCE COMPANY**

32. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26, 28, 30 and 31 of the Complaint herein.

33. On information and belief, on July 5, 2011 defendant Jennie Wang and/or Entity Construction was/were covered by an insurance policy and/or a general liability insurance policy issued by defendant Doe Insurance Company covering liability for injuries to third persons resulting from negligence in the operation of the Tacoma by Jennie Wang as an employee of, as the duly authorized agent of, and/or as a principal of Entity Construction or in the operation of its business generally. Said insurance policy was in full force and effect on July 5, 2011.

8

34. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain a direct action against defendant Doe Insurance Company upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against defendant Doe insurance Company in an amount equal to any judgment recovered against defendant Jennie Wang and/or Entity Construction up to applicable policy limits.

**FIFTH CLAIM - CLAIM FOR UNPAID OVERTIME COMPENSATION**

35. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26, 28, 30, 31, 33 and 34 of the Complaint herein.

36. As a result of defendant Jennie Wang and/or Entity construction's knowing and willful non-payment of plaintiff Frank Ukau's overtime compensation in accordance with Guam and federal laws, plaintiff Frank Ukau is entitled to received his unpaid overtime compensation.

**SIXTH CLAIM - CLAIM FOR LIQUIDATED DAMAGES**

37. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26, 28, 30, 31, 33, 34 and 36 through of the Complaint herein.

38. As a result of defendants' failure to pay plaintiff Frank Ukau's overtime compensation in willful violation of the requirements imposed upon Guam employers by Guam and federal laws, defendant Entity Construction is liable to plaintiff Frank Ukau for liquidated damages in an amount equal to the unpaid overtime compensation as provided for by 22 GCA §3117(2).

**SEVENTH CLAIM - ATTORNEYS FEES AND COSTS**

39. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26, 28, 30, 31, 33, 34, 36 and 38 of the Complaint herein.

40. By failing to pay plaintiff Frank Ukau the overtime compensation as described above, plaintiff Frank Ukau has had to incur attorneys fees and costs to collect the monies that he is entitled to under Guam and federal laws.

**EIGHT CLAIM - PUNITIVE DAMAGES**

41. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 21, 23 through 26, 28, 30, 31, 33, 34, 36, 38 and 40 of the Complaint herein.

42. By knowingly and willfully failing to provide workers compensation coverage to plaintiff Frank Ukau, its lawful employee, defendants Jennie Wang and/or Entity Construction acted

10

in a malicious and oppressive manner.

43. By knowingly and willfully failing to pay plaintiff Frank Ukau, its lawful employee, overtime compensation for all work performed beyond the 40 hour work week as mandated by law, defendants Jennie Wang and/or Entity Construction acted in a malicious and oppressive manner.

44. As a result of the malicious and oppressive actions of defendants Jennie Wang and/or Entity Construction, plaintiffs are entitled to an award of punitive damages from defendants Jennie Wang and/or Entity Construction in an amount to be proven at trial.

**DEMAND FOR RELIEF**

**WHEREFORE**, plaintiffs pray Judgment be entered against defendants as follows:

    1.    For the personal injuries of plaintiff Frank Ukau in the amount of $10,000,000.00;

    2.    For medical and incidental expenses of plaintiff in an amount to be proven at trial;

    3.    For lost income and opportunities in an amount to be proven at trial;

    4.    For loss of consortium of Sofalin Sinuk in an amount to be proven at trial;

    5.    For unpaid overtime compensation in violation of the

11

Minimum Wage and Hour Act of Guam in an amount to be proven at trial;

    6.    For liquidated damages in an amount equal to the unpaid overtime compensation of plaintiff Frank Ukau in accordance with the provisions of 22 GCA §3117(2);

    7.    For punitive damages for the malicious and oppressive conduct of defendant in accordance with proof;

    8.    For attorneys fees and costs of suit; and

    9.    For such other and further relief as the Court deems proper.

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Plaintiffs

DATE: 9/30/11

BY: /s/ Robert L. Keogh
ROBERT L. KEOGH