IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| FRANK UKAU and SOFILAN SINUK, | CIVIL CASE NO. 11-00030 |
| Plaintiffs, | |
| vs. | |
| JENNIE WANG, ENTITY CONSTRUCTION, INC., CHUNG KUO INSURANCE COMPANY, LTD., and DOE INSURANCE COMPANY, | **ORDER** |
| Defendants. | |

Pending before the court is a Motion to Strike filed by Defendants Jennie Wang and Entity Construction, Inc. (hereinafter jointly referred to as the "Defendants"). *See* ECF No. 3. Briefing on the motion is complete, and no party has asked that the motion be set for hearing. Accordingly, the court hereby issues this Order denying the motion without the need for a hearing.

**ANALYSIS**

On September 30, 2011, the Plaintiffs initiated this action against the Defendants for personal injuries and loss of consortium resulting from a motor vehicle accident wherein Plaintiff Frank Ukau was injured. Mr. Ukau was an employee of Entity Construction,[1] and on July 5, 2011, while at his place of work at a job site, was allegedly struck by a vehicle operated by Ms. Wang in her capacity as an employee, duly authorized agent and principal of Entity Construction.

In addition to the claims arising from the accident, the Complaint asserted a claim for the collection of unpaid overtime compensation. *See* Compl., ECF No. 1, at ¶¶36-37 (Fifth Claim).

---

[1] This fact is admitted by all Defendants. *See* ECF No. 4 at ¶9 and ECF No. 6 at ¶5.

Mr. Ukau claimed Entity Construction employed him for more than 40 hours each week without paying him the appropriate overtime compensation mandated by Guam law. *Id.* at ¶19. The Complaint included the following paragraphs, to which the Defendants object:

> On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully failed to withhold an appropriate amount of the wages of plaintiff Frank Ukau, its lawful employee, as mandated by Guam and federal laws.
>
> On information and belief, at all times relevant herein, defendants Jennie Wang and/or Entity Construction knowingly and willfully failed to withhold and pay the appropriate social security and medicare wage withholding of plaintiff Fran Ukau, its lawful employee, as mandated by Guam and federal laws.

*Id.* at ¶¶20-21.

The Defendants ask the court to strike the above paragraphs pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the basis that said paragraphs are immaterial, impertinent, or merely asserted to prejudice the Defendants in the eyes of the court.

A motion to strike under Rule 12(f) is the appropriate remedy to eliminate "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has held that "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief" and that "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (internal citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. *Talbot v. Robert Mathews Distributing Co.*, 961 F.2d 654, 665 (7th Cir.1992).

The function of a motion to strike is to avoid the unnecessary expenditures of time and money that arise throughout litigation by eliminating any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). *See also Fradis v. Savebig.com*, 2011 WL 7637785, at *9 (C.D. Cal. Dec. 2, 2011); and *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp.2d 1136, 1139 (S.D. Cal.2006). Motions to strike are disfavored and infrequently granted. *Fradis*, 2011 WL 7637785, at *9; *Kaiser Foundation Hospitals v. California Nurses Ass'n*, 2012 WL 440634, at *4 (N.D. Cal. Feb. 10, 2012). Federal courts have established a high

standard for Rule 12(f) motions and will not grant motions to strike "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Bassett v. Ruggles,* 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted). *See also Walters v. Fidelity Mortg. of Cal.*, 730 F. Supp.2d 1185, 1196 (E.D. Cal. 2010) (citing *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D. Cal.1996)); and *Plate Anchor Bolt, Inc. V. IHI, Inc.*, 352 F. Supp.2d 1048, 1057 (N.D. Cal. 2004).

In response to the motion to strike, the Plaintiffs contend that paragraphs 20 and 21 are material to their claims for punitive damages. The Plaintiffs contend that when these paragraphs are viewed in the light of other claims raised in the Complaint (*i.e.*, allegations of failing to provide workers' compensation insurance coverage and non-payment of overtime pay), these paragraphs substantiate their claim for punitive damages against the Defendants.

Because this case is still in the early stages of litigation, with discovery cut-off set for August 17, 2012, the court is not in a position to conclude that the objectionable paragraphs clearly could have no possible bearing on the subject of the litigation. Thus, given the disfavored status of motions to strike, the Defendants' motion to strike must be denied at this time.

**IT SO ORDERED**.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Apr 24, 2012