# IN THE UNITED STATES DISTRICT COURT OF GUAM

FRANK UKAU and SOFILAN SINUK,

                Plaintiffs,

v.

JENNIE WANG, ENTITY CONSTRUCTION, INC., CHUNG KUO INSURANCE COMPANY, LTD., and DOE INSURANCE COMPANY,

                Defendants.

Case No. 1:11-cv-00030

**DECISION AND ORDER ON OBJECTIONS TO MAGISTRATE'S REPORT**

This matter is presently an insurance coverage dispute. The parties dispute whether Defendant Entity Construction's ("Entity") car insurance policy with Defendant Chung Kuo Insurance ("Chung Kuo") covers Plaintiffs' injuries. The core issue to this dispute is whether the policy's workers' compensation exclusion is enforceable and prevents coverage here. The Court concludes that Guam law partially invalidates this exclusion, and thus, coverage under the policy is only partial. Accordingly, Chung Kuo's motion of objection (ECF No. 50) is GRANTED in part and DENIED in part, and Entity's motion (ECF No. 49) is DENIED.

## I. BACKGROUND

Plaintiff Ukau worked for Entity. (ECF No. 48 at 1 (hereinafter "Report").) While Ukau was working, another Entity employee, Defendant Jennie Wang, accidentally drove a car into Ukau, injuring him. (*Id.*)

At the time of this accident, Entity did not have a workers' compensation insurance policy for Ukau. (*Id.* at 4.) Entity did, however, have an insurance policy covering the car driven by Wang,

1

1 and the policy provided $100,000 of liability coverage for bodily injuries. (ECF No. 24-1 at 2; *see* Report at 3.) This policy was issued by Chung Kuo. (ECF No. 24-1 at 2.) No party objects to the above facts. (*See* Chung Kuo Objection at 2 (agreeing these facts are accurate).)

After the accident, Entity allegedly created a trust fund for Ukau, with this fund's alleged aim being compensating Ukau for his injury at the rate provided by Guam's workers' compensation scheme. (*See* ECF No. 50 at 11 (hereinafter "Chung Kuo Objection"); ECF No. 52 at 7 (hereinafter "Ukau Opposition").) The facts surrounding this trust fund appear very much in dispute, but this dispute does not affect the analysis here.

Chung Kuo filed a motion for partial summary judgment, arguing that there is no coverage here due to the workers' compensation exclusion in the insurance policy. (ECF No. 22.) Plaintiffs Ukau and Sofilan Sinuk (collectively, "Ukau") opposed this motion and filed a cross-motion for partial summary judgment, seeking to declare this exclusion invalid. (ECF No. 27.) Entity opposed Ukau's cross-motion. (ECF No. 28.)

Magistrate Judge Joaquin Manibusan, Jr., issued a Report and Recommendation ("Report"). The Report recommended denying Chung Kuo's motion for partial summary judgment and granting Ukau's cross-motion.

Entity and Wang (collectively "Entity"), as well as Chung Kuo, have filed objections to the Report (ECF Nos. 49 (hereinafter "Entity Objection"); Chung Kuo Objection.) Ukau has filed an opposition to their objections. (Ukau Opposition.)

## II.   JURISDICTION

The Court may has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

//

/

## III. STANDARDS

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

On a Rule 56 motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, "[t]he court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d. 547, 549–50 (9th Cir. 1994). Additionally, it must view the evidence "in the light most favorable to the opposing party." *Mourning v. Family Pubs. Serv., Inc.*, 411 U.S. 356, 382 (1973) (internal quotation marks omitted).

The moving party bears the initial burden of identifying "particular parts of materials in the record" that "demonstrate the absence of a genuine issue of material fact." Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When the moving party also bears the burden of persuasion at trial, . . . it must show that 'the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008). If the moving party meets this burden, the non-moving party must then do similarly, except to demonstrate that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## IV. DISCUSSION

This dispute regards one fundamental question: Is the workers' compensation exclusion in the insurance policy enforceable? To answer this question, the Court first analyzes whether Entity

3

had a valid workers' insurance compensation policy for Ukau. Next, the Court analyzes whether a workers' compensation exclusion in a car insurance policy is enforceable where the insured lacks workers' compensation insurance. Then, the memorandum addresses the effect of not having workers' compensation insurance on the calculation of damages for this tort action.

Resolution of these issues do not require resolving factual disputes. Rather, they are purely legal questions about what Guam law requires. Accordingly, the matter is properly decided on summary judgment.

**A. VALID WORKERS' COMPENSATION INSURANCE POLICY**

Entity did not obtain a workers' compensation insurance policy that covered Ukau. Instead, Entity contends that it is a self-insurer. (Entity Objection at 2–6.) (Self-insurance is, basically, where an entity "assume[s] some or all of their risk exposure[,]" rather than paying premiums to another company for insurance coverage. Mark W. Flory & Angela Lui Walsh, *Know Thy Self-Insurance (and Thy Primary and Excess Insurance)*, 36 Torts & Ins. L.J. 1005, 1005 (2009).) If Entity is a self-insurer, workers' compensation is Ukau's only remedy, and this tort action would be barred. *See* 22 GCA § 9106. The magistrate judge concluded that Guam law does not permit self-insurance (Report at 4–6), and Entity objects to this conclusion.

Guam workers' compensation statutes are not clear as to whether self-insurance is permissible. Where Guam law is unclear, this Court "must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002) (internal quotation marks omitted).

Some provisions of the Guam statutes suggest that self-insurance is not permissible because doing so would be a misdemeanor. It is a misdemeanor to "fail to secure payment of compensation as required by § 9133 of this Title." 22 GCA § 9140. That referenced section enacts two methods by which private employers may secure payment: one by obtaining workers' compensation insurance,

4

and another by obtaining guarantee insurance. *See id.* § 9133. Neither of these is self-insurance, and no party objects to the Report's finding that Entity had neither insurance for Ukau (Report at 6).

Directly conflicting with these provisions are others suggesting that self-insurance is permissible. One provision, seeking to substitute the employer's insurance company for the employer in workers' compensation proceedings, explicitly contemplates self-insurance. *See* 22 GCA § 9137 ("In any case where the employer is not a self-insurer . . . ."). Another provision implicitly contemplates it. *See id.* § 9136 ("Every employer who has secured compensation under the provisions of this Title shall keep [notice] posted . . . . Such notices shall contain the name and address of the carrier, *if any*, with whom the employer has secured payment . . . . (emphasis added)); *see also id.* § 9103 (defining "carrier" as the company hired by the employer to provide workers' compensation or guarantee insurance). It is these provisions, and others, that Entity argues permit self-insurance. (Entity Objection at 2–3.)

This Court concludes that self-insurance is not permissible under Guam law, and this conclusion is reasonable. The provision titled "[s]ecurity for [c]ompensation" requires that private employers obtain either guarantee or workers' compensation insurance, not self-insurance. *See* 22 GCA § 9133. Dovetailing with this provision is the section titled "[p]enalty for [f]ailure to [s]ecure [p]ayment of [c]ompensation," which makes it a misdemeanor to fail to secure payment in this manner. *See id.* § 9140. These two provisions are the most relevant when it comes to whether self-insurance is permissible because they directly govern the type of security to be obtained and the penalties for failing to do so. Consistent with the principle of *lex specialis*¸ odd references to self-insurance in other provisions do not create a right to self-insure where the provisions directly on-point disclaim that right.

True, as Entity asserts (Entity Objection at 4), many jurisdictions do permit self-insurance. But in every jurisdiction the Court examined, the statute permitted it explicitly, while typically also

5

requiring that there be a sufficient showing of ability to self-insure. *See* 33 U.S.C. § 932 (a)(2); Cal. Lab. Code § 3700(b) (West); D.C. Code § 32-1535(a); Fla. Stat. Ann. § 440.38(1)(b) (West); Idaho Code Ann. § 72-301(2) (West); 820 Ill. Comp. Stat. Ann. 305/4(a) (West); N.C. Gen. Stat. Ann. §§ 97–93 (a)(3), 97-170 (West); N.Y. Workers' Comp. Law § 50(3) (McKinney); 77 Pa. Stat. Ann. § 501(a)(2) (West); Utah Code Ann. § 34A-2-201(3) (West); *see also* Colo. Rev. Stat. Ann. § 8-44-101(1)(c)–(d) (West) (not explicitly requiring there be a showing of ability to self-insure); Haw. Rev. Stat. § 386-121 (same); Tex. Labor Code Ann. § 406.003 (West). Though the Court has not undertaken an exhaustive survey, Entity does not highlight a single state that permits self-insurance where the statute itself does not explicitly permit it. (*See generally* Entity Objection at 4–5.)

Entity's discussion of *American Fuel Co. of Utah v. Industrial Comm'n of Utah*, 187 P. 633 (1920), (Entity Objection at 4–6) also rings hollow. There, the Utah court analyzed a fundamentally different statute than the one here: a Utah statute that explicitly permitted self-insurance as an alternative to other types of insurance. *See American Fuel Co.*, 187 P. at 633.

Entity points to two Guam statutes as evidence that self-insurance must be permissible. (Entity Objection at 3, 5; *see also* 22 GCA §§ 9105(a), 9115(i).) First, it discusses the provision on payment of compensation, which directs that the "employer" make payments of compensation. (*See* Entity Objection at 3, 5; *see also* 22 GCA § 9115(i).) But contrary to its claim, this does not automatically mean that employers can be self-insurers because other provisions clarify that the employer's insurance carrier is to be substituted for the employer "under any compensation order." *See* 22 GCA § 9137.

A similar fate applies to its argument that an employer need only "secure *payment*[,]" arguing all that matters is that the employee is compensated. (Entity Objection at 5; *see also* 22 GCA § 9105.) Entity contends this emphasis on payment is supported by an excerpt of *American Fuel*. (Entity Objection at 6.) But the emphasis is not on payment, it's on *securing* payment, and an

6

"employer . . . secure[s] the payment of compensation" by obtaining either guarantee or workers' compensation insurance, 22 GCA § 9133(a). As for *American Fuel*, the court there recognized essentially the same: "To make more certain the prompt payment of these awards the insurance feature was provided by the law." *American Fuel Co.*, 187 P. at 634.

Finally, Entity invokes public policy, arguing that what matters is that the employee is paid, not that the employer was insured. (Entity Objection at 7.) Whatever the policy analysis, Guam law requires that employers obtain workers' compensation insurance, and failure to do so may subject that employer to a tort action, 22 GCA § 9106. Thus, from that perspective, it matters very much whether an employer is insured.

## B. CAR INSURANCE POLICY & WORKERS' COMPENSATION EXCLUSION

Entity maintains an automobile insurance policy with Chung Kuo. (*See* ECF No. 24-1 at 2.) This policy provides insurance coverage for bodily injury liability. (*Id.* at 7.) It also contains an exclusion to this coverage, excluding coverage where the injury was either to Entity's employee or covered by workers' compensation law. (*See id.* at 9; *see also id.* at 7.)

The magistrate judge found that the legislative policy underlying Guam's mandatory car insurance laws invalidates this exclusion only where the employer lacks workers' compensation coverage. (*See* Report at 8.) Chung Kuo objects to this conclusion on two independent grounds: (1) the exclusion remains valid here, and (2) even if invalid, the exclusion is only partially invalid.

### 1. Validity

Chung Kuo lodges a limited objection to the exclusion's validity. It does not object to the Report's conclusion that Guam law at least sometimes invalidates the exclusion where there is no workers' compensation insurance. Instead, Chung Kuo advances the narrower argument that the exclusion remains valid where the insured can compensate the injured employee in an amount at least equal to that provided by workers' compensation law. (*See* Chung Kuo Objection at 12.)

7

Because that possibility exists here—Entity has created a trust fund for Ukau and forgiven his debts—Chung Kuo asserts that the exclusion remains valid. Under this argument, the exclusion's validity prevents recovery against only Chung Kuo; Entity would remain liable in tort.

Guam law provides no meaningful guidance on the question. While it does generally illuminate the policy behind Guam's mandatory car insurance laws—protecting car accident victims, GCA § 19101; *Ceasar v. QBE Ins. (Int'l), Ltd.*, 2001 Guam 6, ¶ 13—it does not discuss the interplay of this statute, the workers' compensation exclusion, and workers' compensation law.

A reasonable conclusion is that no ad hoc trust account—whatever its monetary value—provides compensation equivalent to that provided by workers' compensation law. The total value of workers' compensation benefits comprises not just monetary benefits, but also the non-monetary benefit of security—knowing that any injury suffered will be covered pursuant to legislatively determined rules, without having to resort to risky common law remedies. *See, e.g.*, *Stelly v. Overhead Door Co. of Baton Rouge*, 646 So. 2d 905, 909 (La. 1994).

Entity's trust account, while allegedly providing sufficient monetary benefits, can never provide these non-monetary benefits. Few rules govern the account—the amount of compensation paid in, the form of that compensation, and how it is to be distributed are all unilaterally determined by Entity—and it therefore lacks the certainty and safety of the workers' compensation regime. Because this ad hoc trust account fails to provide security, it cannot provide equivalent compensation.

This conclusion finds some support in a North Carolina appellate case, where that court found the workers' compensation exclusion enforceable "only insofar as there are benefits available to that employee pursuant to North Carolina's Workers' Compensation Act." *See South Carolina Ins. Co. v. Smith*, 313 S.E.2d 856, 859–62 (N.C. Ct. App. 1984) (emphasizing that a statutory

provision alone was sufficient for the holding but undertaking extensive policy and case law analysis for further justification).

Chung Kuo's availment of a Minnesota appellate case (Chung Kuo Objection at 12–13) does not meaningfully further its argument. There, that court upheld the exclusion, in part because employee victims remained meaningfully protected through the state's special compensation fund for employers who failed to purchase insurance. *See Boecker v. Great West Cas. Co.*, 361 N.W.2d 160, 163 (Minn. Ct. App. 1985). That special compensation fund ensured that all employees received the security of automatic coverage for any car accident. Therefore, the court rejected the argument that enforcing the exclusion would leave car accident victims under- or uncompensated. *Id.*

This conclusion does not extend here. Guam law does not have a special compensation fund for employees not covered by workers' compensation insurance. Thus, the fear of under-compensation remains.

### 2. Partial Invalidity

In addition to arguing that the exclusion is valid, Chung Kuo argues in the alternative: Even if the exclusion is invalid, it is only partially, not totally, invalid. (*See* Chung Kuo Objection at 3–4.) Thus, it objects to the extent that the Report implies that liability is greater than $25,000. (*See id.*)

This $25,000 figure comes from Guam's mandatory car insurance law, which requires that third party bodily injury liability coverage be at least $25,000 per person. *See* 16 GCA § 19104(b). By contrast, the insurance policy between Chung Kuo and Entity provides $100,000 coverage.[1]

---

[1] The insurance policy covers two vehicles and provides different coverage for each: $100,000 for a Toyota Tacoma and $25,000 for a Ford F-150. (ECF No. 24-1 at 3.) For evidence that it was the Tacoma that hit Ukau, not the F-150, Ukau pointed to his deposition. (*See* ECF No. 28 at 2 n.1.) But that deposition says only that he was hit by a "truck" (ECF No. 24-1 at 22–23) and does not specify whether it was the Tacoma or the F-150. Perhaps evidence that he was hit by the Tacoma exists elsewhere in the record. But because neither Entity nor Chung Kuo contend that Ukau was actually hit by the F-150, the Court assumes the car accident involved the Tacoma. Even if

9

Chung Kuo contends that the legislative policy underlying the car insurance laws—which required voiding the exclusion—requires only that Chung Kuo be liable for the statutory minimum of $25,000, not the policy amount of $100,000. In essence, Chung Kuo argues that the exclusion is only partially invalid: For payments over $25,000, the exclusion remains valid. Conversely, Ukau argues that the exclusion is totally invalid, and Chung Kuo remains liable for the $100,000 of coverage provided under the policy. (Ukau Opposition at 4–5.) This question of partial or total invalidity is presently unanswered by Guam courts.

Generally, "[w]ell-settled principles covering the interpretation of an ordinary policy of insurance will be disregarded in determining the scope and extent of a compulsory motor vehicle policy where necessary to accomplish the legislative aim." 7 Am. Jur. 2d Automobile Insurance § 24; *see also* 7A Couch on Ins. § 110:18 ("The broad exclusion of liability for injuries to any insured often runs afoul of compulsory insurance laws."). Consistent with this authority, the Guam Supreme Court appears to have adopted this interpretive approach for automobile insurance contracts. *See Ceasar*, 2001 Guam 6 at ¶¶ 1, 10–21 (deciding motor vehicle insurance coverage dispute by examining legislative aims and concluding that the statute did not require coverage, rather than concluding that that the policy's exclusion by itself bars coverage); *cf. Yasuda Fire & Marine Ins. Co. v. Heights Enters.*, 1998 Guam 5, ¶¶ 12–13 (interpreting contractors' liability insurance policy by invoking the "well settled general principle of insurance law" that the unambiguous policy language governs).

The legislative aim of Guam's mandatory car insurance law is "to guarantee adequate protection for victims of car accidents . . . ." 16 GCA § 19101; *Ceasar*, 2001 Guam 6 at ¶ 13. The Guam Supreme Court has cautioned against reading this aim expansively. By using the word

---

this assumption is wrong, the outcome remains the same: Chung Kuo is liable for $25,000 under the insurance policy.

"accident[ ]," that court explained, the legislature intended to mandate coverage only for those who are injured unintentionally. *See Ceasar*, 2001 Guam 6 at ¶ 13; *cf. id.* at ¶ 32 (Cruz, C.J., dissenting) (arguing that the legislative aim should instead be interpreted more broadly as the protection of all victims, even those intentionally injured).

For similar reasons, it appears likely that the Guam Supreme Court would interpret "adequate protection" just as narrowly. Adequate is not all protection; it is the minimum amount "required by . . . [statute]," 16 GCA § 19102. Thus, for example, if a policy provides coverage that is statutorily insufficient, it would be reformulated to provide the statutory minimum.

This rationale applies equally to a policy with general liability coverage exceeding the statutory minimum but containing an impermissible exclusion of coverage. Here, the exclusion would be only partially invalid—requiring only that coverage for the exclusion be the lower statutory minimum, not the higher amount provided by the policy—because that is adequate protection.

By contrast, requiring that an exclusion be totally invalid leads to incongruities. Say an insurer and an insured negotiated a policy that unambiguously provides $100,000 coverage generally and $25,000 coverage where the vehicle's driver is the insured's employee. This insurance policy complies with Guam's mandatory car insurance law and will not be altered. Now imagine that this insurance policy instead excludes coverage where the driver is the insured's employee. Were this exclusion declared totally invlaid, it would result in imposing $100,000 coverage even though the law does not require it and the parties, when negotiating the policy, did not seek it.

In addition to its logical appeal and support in Guam case law, the conclusion that exclusions are only partially invalid appears the dominant rule. A leading insurance law treatise apparently recognizes partial invalidity as the majority rule in the context of household exclusions from car insurance policies. *See* 8 Couch on Ins. § 114:32; *see also Arceneaux v. State Farm Mut. Auto Ins.*

*Co.*, 550 P. 2d 87, 89 (Ariz. 1976); *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W. 2d 523, 526 (Mo. 1995); *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.*, 516 A.2d 586, 592 (Md. 1986); *Collins v. Farmers Ins. Co. of Oregon*, 822 P.2d 1146, 1150–51 (Or. 1991); *Nation v. State Farm Ins. Co.*, 880 P.2d 877, 878–79 (Okla. 1994) (Summers, J., concurring). Several courts have declared exclusions partially invalid in other contexts as well. *See Marcus v. Hanover Ins. Co.*, 740 So. 2d 603, 609 (business use exclusion partially invalid); *Distler v. Reuther Jeep Eagle*, 14 S.W.3d 179, 183 (Mo. Ct. App. 2000) (car business exclusion partially invalid); *Tapp v. Percival*, 120 P.3d 480, 484 (Okla. 2005) (same); *see also Universal Underwriters Ins. Co. v. Am. Motorists Ins. Co.* 541 F. Supp. 755, 761 (N.D. Miss. 1982) (same).

That said, there is authority to the contrary. *See, e.g.*, *West Am. Ins. Co. v. Popa*, 723 A.2d 1, 11–12 (Md. 1998) (self-insurer and governmental owner exclusion totally invalid). This authority partly rests upon the theory that the insured could be duped into believing she purchased $300,000 liability insurance when, really, the policy contains so many exclusions that all she effectively purchased was the statute's minimum coverage. *See id.* at 12 (also resting on state statutory grounds). This reasoning, resting more on the insured's expectations than on any legislative aim underlying mandatory car insurance laws, seems unlikely to influence the Guam Supreme Court. That court, when ruling in other insurance contexts, has declared that the insured's beliefs are irrelevant where the policy is unambiguous, *Yasuda Fire & Marine Ins. Co.*, 1998 Guam 5 at ¶¶ 12–13.

In short, the Guam Supreme Court would likely render the employee exclusion only partially invalid. Therefore, Chung Kuo's potential liability under the insurance policy here is $25,000, not $100,000.

Ukau's argument against this conclusion is not persuasive. He argues, in essence, that the cited case law on exclusions does not apply here because it involves other exclusions, not the

workers' compensation exclusion. (Ukau Opposition at 4–5.) Ukau provides no sound reason for why this difference matters. In attempting to provide such a reason, he argues that the mandatory minimum car insurance laws do not matter here because this is a workers' compensation case, and the car insurance laws are relevant only to show policy considerations (*Id.* at 5.) But this misconstrues the dispute. The sole reason the exclusion is invalid is because of Guam's mandatory car insurance laws. Thus, determining whether that invalidity is in part or in total necessarily requires considering those laws.

Ukau also argues that this Court should exercise its discretion not to consider this argument because it was not raised before the magistrate judge. (*See* Ukau Objection at 2–3.) The Court does not have such discretion. Though district courts do have the discretion to not hear arguments based on new evidence or facts, *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000), the argument raised here goes towards the Report's legal conclusion—that the exclusion is invalid because of legislative policy (Report at 7–10)—and legal conclusions "must . . . be reviewed *de novo.*" *See Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *see also Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 256 (2012).

**C. DAMAGES CALCULATION**

Entity contends that the formula and procedures for calculating damages and medical benefits under the workers' compensation statute apply equally to this tort action. (*See* Entity Objection at 8–10.) The Report concluded the opposite: The formulas for calculating damages under the statute do not apply here. (*See* Report at 4–6.)

Entity's contention lacks merit. Only where an employer obtains insurance do these provisions limit the employee's recovery. *See* 22 GCA § 9106. Where the employer fails to obtain that insurance, the employee may "elect to claim compensation under [the statute] or to maintain an

action at law . . . for damages . . . ." *See id.* Because Ukau is electing to claim an action at law, he is not bound by the statute's provisions.

Seeking to escape this conclusion, Entity contends that a provision in Guam's business code somehow controls here. (*See* Entity Objection at 8–9.) That provision declares that legal duties are "extinguished by an offer of performance . . . ." *See* 18 GCA §§ 80101, 82201.

This statute does not apply here. Under "well-settled principle[s] of statutory construction[,] . . . a narrower, more specific provision of a statute takes precedence over a more general provision of the same statute with respect to the same subject matter . . . ." *Camacho v. Estate of Camacho*, 2010 Guam 1, ¶ 19. Here, Entity's proffered provision is a general contract law that lies entirely apart from the workers' compensation scheme.

Even if this provision did apply, Entity's argument still fails. Ukau has the legal right to claim an action at law, and it is that right that defines Entity's legal duty. Entity, however, has not offered to extinguish this duty—the duty to compensate fully for the value of this tort action—but instead offered only to compensate Ukau for the value of a workers' compensation claim.

## V. CONCLUSION

Chung Kuo's motion of objection is granted in part and denied in part; Entity's motion is denied. The workers' compensation exclusion is partially invalid, and Chung Kuo's potential liability under the insurance policy is $25,000.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Nov 12, 2013**